UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In the Application of<br><br>PIECAKEN, LLC,<br><br>Petitioner. | Civil Action No: 1:23-mc-00010 |

**APPLICATION FOR THE ISSUANCE OF A SUBPOENA *AD TESTIFICANDUM*
AND SUBPOENA *DUCES TECUM* PURSUANT TO 35 U.S.C. § 24**

1. PIECAKEN, LLC ("PieCaken") hereby applies pursuant to 35 U.S.C. §24 for the issuance of (1) a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, and (2) a Subpoena to Testify at a Deposition (collectively, the "Subpoenas"), both directed to SPRINKLES DONUT SHOP L.L.C. ("Sprinkles"). PieCaken's proposed Subpoenas are attached hereto as Exhibits A and B, respectively. The purpose of both subpoenas is to obtain discoverable information in connection with a trademark opposition proceedings currently pending before the United States Patent and Trademark Office ("USPTO") Trademark Trial and Appeal Board ("TTAB") relating to Trademark Application Serial Nos. 90/408,204 and 90/833,564, for the marks: SPRINKLETOWN BAKESHOP and ZAC YOUNG'S SPRINKLETOWN, in T.T.A.B. Opposition Nos. 91272933 (parent case) and 91274785 (the "Opposition Proceedings").

In support of this Application, PieCaken represents as follows:

1. PieCaken filed an intent-to-use trademark applications in the USPTO seeking registration of the marks "SPRINKLETOWN BAKESHOP" and "ZAC YOUNG'S SPRINKLETOWN" for use in connection with "Cakes; Cookies; Macaroons; Pies; Bakery

1

desserts; Bakery goods; Ice cream" and for "Dessert shops; Retail bakery shops; Online retail bakery shops."

2. Sprinkles Cupcakes, LLC ("Opposer") has filed Notices of Opposition to PieCaken's trademark applications alleging that registration of the applied-for-marks would create a likelihood of confusion with various registered marks owned by Opposer. Copies of Opposer's Notices of Opposition are attached hereto as Exhibits C and D.

3. PieCaken has alleged, in response, that there is no likelihood of confusion with Opposer's registered marks, because marks containing forms of the word "SPRINKLE" ("Sprinkles-Formative Marks") are, and have been, so widely used in connection with baked goods, ice cream and dessert shops/retail bakeries, and coexisted therewith, such that, at best, Opposer's registrations are extremely weak and, thus, entitled to very limited reach and there would be no likelihood of confusion as a result.

4. PieCaken is entitled to pursue third-party discovery in connection with the Opposition Proceedings.

5. Generally, *inter partes* proceedings before the TTAB are governed by the Rules of Practice in Trademark Cases set forth in Part 2 of Title 37 of the Code of Federal Regulations. See 35 U.S.C. §23 (granting the Director of the Patent and Trademark Office ("PTO") the authority to "establish rules for taking affidavits and depositions required in cases in the [PTO]."). Under the PTO's rules, the Federal Rules of Civil Procedure generally apply to all phases of inter partes proceedings, such as the Opposition Proceedings, see 37 C.F.R. §2.116(a), including discovery and the taking of depositions, see 37 C.F.R. §2.120(a).

6. Nevertheless, the TTAB lacks the authority to compel witnesses through the subpoena power in *inter partes* proceedings. *Rosenruist-Gestao E Servicos LDA v. Virgin Enters.,*

*Ltd.*, 511 F.3d 437, 443-44 (4th Cir. 2007).  Accordingly, Congress granted federal district courts subpoena authority under 35 U.S.C. §24 to command the appearance of witnesses in administrative proceedings before the PTO:

> The clerk of any United States court for the district wherein testimony is to be taken for use in any contested case in the Patent and Trademark Office, shall, upon the application of any party thereto, issue a subpoena for any witness residing or being within such district, commanding him to appear and testify before an officer in such district authorized to take depositions and affidavits, at the time and place stated in the subpoena. The provisions of the Federal Rules of Civil Procedure relating to the attendance of witnesses and to the production of documents and things shall apply to contested cases in the Patent and Trademark Office.

35 U.S.C. §24.

7. A party to a TTAB *inter partes* proceeding can also obtain nonparty documents by subpoena pursuant to 35 U.S.C. §24 with or without a deposition. *Id.*; *El Encanto, Inc. v. Hatch Chile Co., Inc.*, 825 F.3d 1161, 1163, 1167 (10th Cir. 2016).

8. The Opposition Proceedings (consolidated for discovery), are each, indisputably, a "contested case in the Patent and Trademark Office."  The term "contested case," as used in 35 U.S.C. §24 means "a proceeding in which the PTO has provided for the taking of depositions for use in that proceeding." *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1322 (Fed. Cir. 2013).  The PTO has provided for the taking of depositions for use in the Opposition Proceedings. *See* 37 C.F.R. 2.120(b)("The deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree in writing. The responsibility rests wholly with the party taking discovery to secure the attendance of a proposed deponent other than a party or anyone who, at the time set for taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Rule 30(b)(6) . . . of the Federal Rules of Civil Procedure. (*See* 35 U.S.C. § 24).").

9. A "witness" as used in the statute, is not limited to natural persons and allows the court to reach corporations and other juristic persons. *Rosenruist-Gestao*, 511 F.3d at 444-46 ("We agree with VEL that the 'witness' is not limited only to natural persons. The PTO regulations expressly contemplate the use of Rule 30(b)(6) depositions in which the corporation is the 'person' named in the subpoenas as the deponent. See 37 C.F.R. §§2.120(b), 2.124(b)(2). Nothing in the text of 35 U.S.C.A. §24 suggests to us that, in the context of a contested PTO action, the interplay between Federal Rules 30(b)(6) and 45 operates differently."); *see generally El Encanto, Inc.*, 825 F.3d 1161 (permitting subpoena *duces tecum* issued pursuant to 35 U.S.C. §24 directed toward corporation).

10. This Application is proper pursuant to 35 U.S.C. §24 and the Subpoenas should be issued for the following reasons.

11. First, the Subpoenas seek information that is relevant to the Opposition Proceedings, namely, to obtain admissible evidence establishing this third-party has used a Sprinkles-Formative Mark, specifically the mark "SPRINKLES" in multiple locations in Michigan, upon information and belief, this third party and Opposer have coexisted for years. This evidence is highly relevant to PieCaken's defense that the mark "SPRINKLES" and other Sprinkles-Formative Marks marks are, and have been, so widely used by so many third parties, for goods and services listed in registrations relied upon by Opposer in the Opposition Proceedings, such that Opposer's registrations are extremely weak. The information sought is highly relevant evidence that, in order to be admissible for its truth in the Opposition Proceedings, cannot be obtained from elsewhere.

12. Second, the Subpoenas meet all the statutory requirements for issuance under 35 U.S.C. §24. Because the third-party, Sprinkles, is within this district, having a registered NJ

Office at 6450 28th Ave., Hudsonville, MI 49426 the Application seeks issuance of the Subpoenas from this district, and the Subpoenas require compliance within this district.

13. Third, the Subpoenas are narrowly tailored and seek to obtain the required documents and testimony while attempting to avoid imposing undue burden on Sprinkles.

14. Fourth, and finally, PieCaken will comply with all applicable provisions of Federal Rule of Civil Procedure 45. PieCaken will give notice to counsel for Opposer in the Opposition Proceedings prior to serving the Subpoenas, and PieCaken will tender the required fees and traveling expenses required upon service of the Subpoenas.

## CONCLUSION

In sum, this Court has the statutory authority to issue the Subpoenas in connection with the aforementioned Opposition Proceedings. The Subpoenas seek highly relevant evidence, are narrowly tailored and in all other respects comply with all applicable requirement of 35 U.S.C. §24 and the Federal Rules of Civil Procedure. Accordingly, the Court should grant this Application and enter an order requiring the Clerk of the Court to issue the attached Subpoenas pursuant to 35 U.S.C. §24. A proposed order is filed herewith for the Court's consideration.

Dated: February 1, 2023          **MCGARRY BAIR PC**

By:    /s/ G. Thomas Williams
G. Thomas Williams
45 Ottawa Avenue SW, Suite 700
Grand Rapids, MI 49503
Phone 1 616 742-3500
Fax 1 616 742-1010
*Attorneys for Applicant PieCaken, LLC*